Mylet v. Platte County.

JOHN W. MYLET, APPELLEE, v. PLATTE COUNTY ET AL., APPELLANTS.

FILED JANUARY 20, 1919. No. 20675.

Counties: COURT HOUSE FUND: PETITION. Under the statute granting to the county board power to create by levy a courthouse building fund, "when requested so to do by a petition signed by at least 55 per cent. of the legal voters," the request is invalidated by an unauthorized condition designating the courthouse site, where the power to select the location is vested in the county board. Laws 1915, ch. 18.

APPEAL from the district court for Platte county: FREDERICK W. BUTTON, JUDGE. *Affirmed.*

*Peterson & Devoe,* for appellants.

*A. M. Post, Albert & Wagner* and *Reeder & Lightner, contra.*

ROSE, J.

This is a suit by a taxpayer to enjoin the supervisors of Platte county from entering into a contract for the wrecking of the courthouse at Columbus and for the erection of a new courthouse on the old site. The application for the injunction is based in part on the plea that the petition of the electors for annual levies to create the fund for the contemplated improvement is fatally defective. The injunction was resisted on the ground that defendants proceeded regularly under authority of law. The injunction was granted, and defendants have appealed.

The controversy grows out of different views of the statutes relating to the construction of a courthouse and to the creation of funds for that purpose. Defendants asumed to act under the following grant of power:

"Provided, that the county board of any county in this state is hereby authorized and empowered, when requested so to do by a petition signed by at least fifty-five per cent. of the legal voters in said county based on the average vote of the two preceding general elections, to make an annual levy not exceeding five mills upon the dollar on all taxable property in said county for the purpose of providing a fund for the erection of a courthouse or jail, said fund to be used only in the construction of a courthouse or jail or to pay the expenses of tearing down an existing courthouse or jail or making improvements thereon; provided further, the total estimated amount to be raised by such special levy shall not exceed the sum of one hundred thousand ($100,000) dollars and said levy may be spread over a term of years not exceeding five to produce such sum,

but in no case shall the levy of taxes made by the county board for all purposes, including the taxes levied herein provided for the erection of a courthouse or jail, exceed in any one year the sum of fifteen mills of the dollar of the assessed valuation of said county." Laws 1915, ch. 18.

The petition containing the request for an annual levy to provide a building fund is in the following form:

"We, the undersigned legal voters of Platte county, Nebraska, hereby request the board of supervisors of Platte county, Nebraska, to erect and provide a suitable county courthouse and jail in and for said county. To provide a fund for that purpose, we further request said county board to make an annual levy, not exceeding 5 mills on the dollar on all taxable property in said county, provided that the total estimated amount to be raised by such special levy shall not exceed the sum of $100,000 and said levy may be spread over a term of years not exceeding five to produce such sum, but in no case shall levy of taxes made by the county board for all purposes including the taxes levied for said courthouse and jail exceed, in any one year, the sum of 15 mills on the dollar of assessed valuation of said county.

"It is agreed and understood that said courthouse is to be located in its present location, viz., block No. D. Columbus, Nebraska."

The petition required by statute is jurisdictional. Without it the county board has no authority to levy the necessary taxes. In making the request the petitioners were not authorized to impose terms as a condition of authorizing a levy. An unconditional petition is required. In requesting the levy the petitioners departed from the statute and assumed to impose the following terms as a condition of conferring power to make the levy: "It is agreed and understood that said courthouse is to be located in its present location." Was the petition containing this restriction sufficient to confer on the county board jurisdiction to make the levy?

The power to select the courthouse site had been conferred upon the county board. The statutory grant has not been amended or repealed. Under the petition the authority to select a new location is taken away from the county board. The restriction in regard to the location cannot be treated as surplusage, because the statutory request for the levy depends on the condition. In other words, authority to make the annual levy is not granted unless the old location is retained, thus depriving the county board of its power to select a new site. There is nothing to indicate that the jurisdictional petition would have been signed by the requisite number of electors with the condition as to location omitted. The petition, therefore, was insufficient to confer upon the county board jurisdiction to make an annual levy for the purpose of creating a courthouse fund. For this reason the injunction was properly allowed.

AFFIRMED.

CORNISH, J., concurring.

I have hesitated to hold that a board's action, in accordance with the expressed wish of a majority of the people, is void. If, however, we assume it to be the board's prerogative and duty to exercise its own judgment, and not the judgment of others, in selecting the site, I do not see how we can hold otherwise. The words spread upon the record, "We deem it unwise to take up the question of a change of site," appear to show an abdication of this duty.

The petition is jurisdictional. The signatures required were conditioned upon location. A petition to a superior power, which, to be effective, must deprive the superior of free action in the exercise of the power invoked, is to that extent (if only to that extent) a demand or dictation, and not a petition. What would we say of a petition in court which (if we can indulge the supposition) can be treated as a petition only upon con-

dition that the judge forego his judicial powers? Would the fact that the required condition and the judge's judgment might coincide, alter the situation? Supplications and directions are distinct things. I think such a petition does not really invoke the powers of the superior body as a matter of law, and would probably lead to a reliquishing of its powers in practice.

SEDGWICK, J., dissenting,

It is perhaps unfortunate that the statute has not provided some simple method of ascertaining the wishes of the citizens of the county as to the location of a courthouse. The statute does not provide any such method, and therefore, of course, leaves it to the discretion of the county board. The board is supposed, as all such officers are supposed, to be governed by what they think is the wish of the largest number of citizens of the county, and perhaps it is not a serious matter that it is left to the discretion of the county board.

The petition required is not that they erect any building, but that they make a levy to raise a fund, and that is what the board acts upon, and, when the board is authorized to collect this money from the property of the county, the rest seems to be left largely to the discretion of the board. I suppose it must be conceded that the county board should exercise an independent discretion as to the location, and the brief states that the record shows that the county board did exercise such discretion. They placed upon the record a resolution: "Whereas, it appears that the sentiment of the people of Platte county, Nebraska, are strongly in favor of the present location for the erection of our new proposed county courthouse: Therefore be it resolved, by the board of supervisors of Platte county, Nebraska, that we deem it unwise to take up the question of a change of site at the present time and hereby instruct our architect to proceed with the plans as contemplated." That was exactly what the county

board should do—ascertain as near as they could the sentiment of the people and then act accordingly. Having done so, they concluded to continue the courthouse where it was and had been for years. The plaintiff put the members of the county board upon the witness-stand, and they testified that they considered themselves morally bound to locate the courthouse as designated in the petition. Their resolution, above copied, is conclusive that they did not consider themselves legally bound to do so, and that they found that they ought to have put it there anyhow, and it would not seem that the fact that they thought they would·be morally bound to do it, when nobody was objecting, would deprive them of exercising their discretion, which they plainly did. I do not see what difference it makes if we conclude that the petitioners would not have signed the petition without the suggestion as to location. The suggestion, as it turns out, was in accordance with the facts. The county board has so determined, and there is no evidence to the contrary. It will be noticed that the suggestion in the petition as to location of the new building is not in terms made a condition of signing the petition to levy a fund for a new building. The record recites that "the people of Platte county, Nebraska, are strongly in favor, of the present location for the erection of our new proposed county courthouse." And, while the matter was being considered by the county board, and during the time that more than two-thirds of the $100,000 necessary for the building was being levied in two annual levies, no objection was made by any citizen, and all acquiesced in the finding of the board that all the people wanted it so located. This establishes, for the purpose of this action, that when the location was selected by the county board they acted in accordance with the unanimous wishes of the voters, and made a proper selection. The petition is only for the purpose of authorizing the levy, but the unnecessary suggestion of the petition, "It is agreed

and understood that said courthouse is to be located in its present location," being only a well-known and established fact, was not even improper. It would have been entirely proper for any citizen who preferred some other location to have petitioned the board accordingly. In fact, it would have been much better to have done so, than to wait until the principal levies had been made and then attempt, by injunction, to tie up these funds and defeat the completion of the improvement.

There is a further sufficient reason for denying the writ of injunction. The opinion holds that the petition for the levy was so imperfect that it amounts to no petition, and the board was without jurisdiction to make any levy. Under such circumstances, there was a complete remedy at law by a review in the courts of the order of the board; and that remedy would be available now, if it was not barred by laches. Certainly an objector could not wait until his legal remedy was barred by time, and important levies had been made, and then resort to the extraordinary writ of injunction because he had allowed his legal remedy to lapse.